**Bernadine RAY, Plaintiff–Appellant,**

v.

**TUCSON OLD PUEBLO CREDIT UN- ION, an Arizona chartered credit union, Defendant–Appellee.**

No. 05–15838.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 6, 2007.

Filed April 9, 2007.

Jenne Sandy Forbes, Tucson, AZ, for Plaintiff–Appellant.

James K. Mackie, Esq., Ogletree Deakins Nash Smoak & Stewart, PC, Tucson, AZ, for Defendant–Appellee.

Before: HAWKINS, THOMAS, and CLIFTON, Circuit Judges.

MEMORANDUM *

Bernadine Ray appeals the district court's grant of summary judgment in favor of Tucson Old Pueblo Credit Union on her age discrimination lawsuit. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.[1]

We agree with the district court that Ray's showing regarding her job performance was sufficient. The standard applied to a plaintiff's prima facie case on summary judgment is low. *Wallis v. J.R. Simplot Co.*, 26 F.3d 885, 889 (9th Cir. 1994). Because TOPCU put forth nondiscriminatory reasons for Ray's firing, the appropriateness of summary judgment in TOPCU's favor turns on whether Ray made enough of a showing that these stated reasons were pretextual—and that the true reason for her termination was intentional age discrimination—to create a genuine issue of material fact. *See Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1280–81, 1282 (9th Cir.2000) (explaining three-step ADEA inquiry in the summary judg-

ment context). We conclude that she did not.

Ray argues that there was direct evidence of bias, pointing to the examiners' 1998 inquiry about her retirement plans, but that evidence gives insufficient support to a claim that the Board's reasons for terminating her were pretextual. The inquiry was made by the examiners, not the allegedly discriminating Board. Moreover, that inquiry was raised three years before Ray's termination and was not improper, as examiners are legitimately interested in a banking institution's succession planning and management stability.

Ray contends that comments made during Board meetings indicated animus based on age. In context, though, those comments did not demonstrate age bias but simply stated opinions that management was incompetent or unable to rise to the challenge of running TOPCU at its larger size. The comment which came closest to suggesting discrimination— "management has outlived its usefulness"—is not enough to survive summary judgment. *See Pottenger v. Potlatch Corp.*, 329 F.3d 740, 747 (9th Cir.2003) ("old management team," "old business model," and "deadwood" insufficient); *Coleman*, 232 F.3d at 1284–85 (in context, "young and promotable" insufficient).

Ray argues that the Board did not terminate her for the expressed reasons but rather because of the false charges contained in the "Pattern of Concern" document.[2] Ray is correct that *Reeves v.*

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. The parties agree that Ray's claim under state law, Ariz.Rev.Stat. Ann. § 41–1463 (2001), turns on the same standards as her federal claim under the Age Discrimination in Employment Act, 29 U.S.C. § 623(a), since the Arizona statute is patterned on the federal

law, *see Goddard v. Phoenix Union High School Dist. No. 210*, 208 Ariz. 516, 96 P.3d 220 (Ariz.Ct.App.2004); *Matos v. City of Phoenix*, 176 Ariz. 125, 859 P.2d 748, 754–55 (Ariz.Ct.App.1993). Therefore we resolve both claims using the federal analysis.

2. We need not reach Ray's "cat's paw" argument (that the discriminatory intent of individual Board members ought to be imputed to

684

*Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 147, 149, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000), opens the door to proving discriminatory intent simply by attacking the credibility of the employer's proffered reasons, since "[p]roof that the defendant's explanation is unworthy of credence is simply one form of circumstantial evidence that is probative of intentional discrimination, and it may be quite persuasive." *Reeves* continued, however, to note that even with such a showing, "an employer would be entitled to judgment as a matter of law if the record conclusively revealed some other, nondiscriminatory reason for the employer's decision...." *Id.* at 148, 120 S.Ct. 2097. The "Pattern of Concern" attacks on Ray concerned aspects of her performance, not her age. Even if Ray proved that the Board was persuaded to terminate Ray because of the allegations in that document, that would not bolster her claim of age discrimination. Neither would the suggestion that Harrington had an ulterior motive in presenting that allegedly false document to the Board and urging Ray's termination, since that motive was personal ambition, not bias based on age. Ray herself stated that she felt Harrington had rallied the Board against her so he could be CEO. Thus, even if Ray succeeded in proving that Harrington misled the Board with the "Pattern of Concern" presentation, that does not support a claim for age discrimination.

Summary judgment was correctly granted.

**AFFIRMED.**

the other Board members) because, as discussed below, Ray's argument as to the presence of any discriminatory intent on the part of the individual Board members fails.

